JOHN B. LEWIS, Respondent, *v.* ELLIS JACKSON, Doing Business under and by the Trade Name of ELLIS JACKSON & COM-PANY, Appellant.

First Department, January 13, 1922.

**Trial — direction of verdict for plaintiff settled issues of fact in his favor where both parties moved for direction of verdict.**

The direction of a verdict for the plaintiff must be deemed to have settled all the disputed issues of fact in his favor in an action for breach of contract, where there was a direct issue of fact created and both parties asked for the direction of a verdict and neither party asked to go the jury upon any question of fact.

APPEAL by the defendant, Ellis Jackson, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of January, 1921, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 31st day of January, 1921, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Jacobson & Pollock* [*George L. Ingraham* of counsel], for the appellant.

*John E. Roeser* [*I. Maurice Wormser* of counsel], for the respondent.

DOWLING, J.:

The complaint herein sets forth that on or about May 27, 1920, plaintiff and defendant mutually agreed that plaintiff would sell to the defendant and defendant would buy from plaintiff a carload of bi-chromate of soda at the price of twenty-eight cents per pound, terms net cash in ten days from date of shipment, and that on or about June 30, 1920, plaintiff shipped a carload of the material in question, con-taining 41,150 pounds, from Baltimore, Md., and delivered same to defendant at Philadelphia, Penn., and defendant received and accepted same without making objection that

the amount thereof was slightly in excess of that called for by the contract and accepted the delivery as a full compliance and performance by plaintiff of the aforesaid agreement. It is then averred that the purchase price of the said merchandise was the sum of $11,522, which became due and owing July 10, 1920. Payment has been demanded and refused except as to the sum of $1,234.50, which was paid July 12, 1920. Wherefore plaintiff demands judgment in the sum of $10,287.50 with interest and costs.

The answer contains no denial of the allegations of the complaint as to the sale and delivery of the goods in question but denies that the amount became due and owing on July 10, 1920, and that no part thereof has been paid, except the sum of $1,234.50. There is a separate defense of payment on July 12, 1920, and a further separate defense of an accord and satisfaction on that date by which plaintiff accepted and received from defendant the sum of $1,234.50 by check, and a credit of $10,287.50 on account of sixty casks of bi-chromate of soda theretofore sold by him to plaintiff.

The controversy herein concerns the alleged sale by defendant to plaintiff of the sixty casks of bi-chromate of soda for which credit is claimed by defendant. The defendant sought to prove that he had sold to plaintiff a carload of bi-chromate of soda, consisting of sixty casks weighing 41,150 pounds, at the agreed price of twenty-five cents per pound. This carload the defendant bought from one Joseph B. Miller. Miller did not have physical possession of the goods but tendered to defendant an order on plaintiff for the delivery of the goods, dated at Philadelphia, July 1, 1920, and directed to plaintiff at his office in New York city. The defendant sent this delivery order by mail on the same date to plaintiff in a letter wherein he said: "We are enclosing you herewith delivery order issued by Joseph B. Miller on yourselves for sixty (60) casks of bi-chromate of soda, and we understand from Mr. Miller that you are hauling this material to a warehouse for his account. We would be pleased to have you favor us with warehouse certificate as promptly as possible."

On July second defendant wrote plaintiff confirming the sale to him of the goods in question and inclosing an invoice showing the net weights and referring to the delivery order

issued by Miller on the preceding day. On the same day, July second, and in advance of the receipt of the communication from defendant, plaintiff wrote to the latter inclosing a copy of a letter which he had sent to Miller in which he said: "Please let me have your check so that I can effect delivery to Messrs. Ellis Jackson & Co."

It appears that this carload of soda in reality had never passed into the possession of any of the parties to the controversy, but was at the works of the Mutual Chemical Company with whom plaintiff had a contract for its purchase. Plaintiff had made a *pro forma* invoice of the goods to Miller who was to be entitled to them when he paid for them to plaintiff who, in turn, would then pay to the Mutual Company and become entitled to possession of the goods. Defendant, however, claims that he has the right to recover from plaintiff the purchase price of the goods which he never delivered to plaintiff, which never were in defendant's possession (and which were in point of fact held by a stranger to the transaction who had simply contracted to sell them and make delivery when paid) on the claim advanced by defendant that he had paid Miller for the goods in question by plaintiff's express authorization. Defendant's assistant manager, Baker, who handled the transaction in question, testified that he had a conversation with Walker, representing plaintiff, and told Walker that Miller desired payment for the goods on the delivery order on plaintiff which Miller had presented to defendant, and Baker requested Walker to advise him if it was in order to settle with Miller on that delivery order. At that time Miller had not been paid, and Baker testified that Walker said it was " perfectly in order and it was O. K." for defendant to settle with Miller for the car. Baker also claims that Walker advised him that the delivery order was sufficient and he claims that he paid Miller on July second, before the receipt of the plaintiff's letter advising defendant that Miller had not paid for the goods. This testimony is absolutely denied by Walker who swears that at the time the goods were in the custody of the owner, the Mutual Chemical Works in Jersey City, N. J., and there never was any discussion with Baker about settling with Miller or paying him.

Upon this record there was a direct issue of fact as to

whether the defendant had paid Miller for the goods as he claimed, in direct reliance upon plaintiff's representation that the delivery order was sufficient and that he could pay Miller for the goods, thus making the transaction complete. With such an issue of fact created, both parties asked for the direction of a verdict and neither party asked for leave to go to the jury upon any question of fact. The direction of a verdict by the trial court, therefore, must be deemed to have settled all the disputed issues of fact in favor of plaintiff, and that being so the defendant could not recover for the purchase price of the carload of goods upon the theory on which he relied at the trial.

The judgment and order appealed from will, therefore, be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, PAGE and MERRELL, JJ., concur.

Judgment and order affirmed, with costs.